IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Renee Steensen, | Case No. 3:14 CV 1760 |
| Plaintiff, | ORDER DISMISSING COMPLAINT |
| -vs- | JUDGE JACK ZOUHARY |
| Sandco Industries, *et al*., | |
| Defendants. | |

## INTRODUCTION

*Pro se* Plaintiff Renee Steensen filed this action against former employer Sandco Industries and Deb Yenrick, Sarah Zimmerman, Regina Holland, and Michelle Snyder, alleging she was terminated from employment in violation of Title I of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 (Doc. 1). She seeks back pay; compensatory damages; punitive damages; agreements that Sandco change its accommodation policy, employee emergency form, and new hire history form; and that Sandco provide ADA training to all employees (*id.* at 3–4). Steensen filed a motion to proceed in forma pauperis. (Doc. No. 2.) The Motion is granted. For the reasons stated below, the Complaint is dismissed pursuant to 28 U.S.C. §1915(e).

## BACKGROUND

Steensen, formerly a Job Coach/Job Developer for Sandco, alleges the following facts in connection with her termination (*id.* at 1–3). Since November 2012, Steensen had been trying to resolve a "parking problem/situation" regarding Regina Holland's use of a handicap parking space. Steensen utilizes a cane and needed the handicap parking space for herself. When Holland began

working at Sandco, she did not have a handicap placard in her car. After Holland acquired her mother's car, Holland began parking in a handicap parking space and presumably displaying a handicap placard. Holland did not display a handicap placard when she drove the company car and did not park that car in a handicap space. Supervisor Kim Walters asked Holland to park in a non-handicap space because Steensen and a co-worker needed handicap parking. When Holland continued to park in the handicap space, Walters "took this problem to Sarah Zimmerman and Deb Yenrick" and told Steensen the problem would be "dealt with."

In December 2012, Steensen was harassed by Holland, with whom she was sharing an office. Steensen reported the harassment to Zimmerman and was told "it would be dealt with." Steensen was not permitted to switch offices and felt "uncomfortable coming to work and was unable to perform [her] duties as needed."

On February 28, 2013, Steensen was "unjustly fired" because earlier that month she "did an unlawful investigation of a coworker" by "going out and simply asking questions while not on the clock . . . but while on my own time to find out how to know if someone's handicap placard is in his/her name" (*id.* at 1–2).

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), a district court is required to dismiss an action pursuant to 28 U.S.C. §1915(e) if the court determines the complaint fails to state a claim on which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). A *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* at 471.

#### ANALYSIS

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). Steensen does not allege any facts suggesting she was terminated or otherwise discriminated against because of her race, color, religion, sex, or national origin. Accordingly, her Title VII claim must be dismissed.

Steensen has also failed to allege a plausible claim under the ADA. The ADA provides: "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §12112(a). To establish a prima facie claim of discrimination under the ADA, a plaintiff must show "that (1) she or he is an individual with a disability, (2) who was otherwise qualified to perform a job's requirements, with or without reasonable accommodation; and (3) who was discriminated against solely because of the disability." *Talley v. Family Dollar Stores of Ohio*, 542 F.3d 1099, 1104 (6th Cir. 2008) (quoting *Mahon v. Crowell*, 295 F.3d 585, 589 (6th Cir. 2002)).

Steensen does not specifically allege she is an individual with a disability, only that she utilizes a cane. Even assuming the Complaint alleges facts sufficient to show she is an individual with a disability within the meaning of the ADA, she does not allege she was terminated "because of" her disability. Steensen alleges she was "unjustly fired" because of her investigation into her co-worker's use of a handicap placard (Doc. 1 at 1).

3

Steensen's Complaint must also be dismissed for failure to exhaust administrative remedies. Before filing a Title VII or ADA claim, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and receive a right-to-sue letter. 42 U.S.C. § 2000e-5(e) and (f). The exhaustion of administrative remedies is a condition precedent to a Title VII or ADA action. *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998) (Title VII); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (ADA). Steensen failed to file a timely charge with the EEOC and obtain a right-to-sue letter; her Title VII and ADA claims are therefore barred.

## CONCLUSION

This action is dismissed pursuant to 28 U.S.C. § 1915(e). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 23, 2015